Filed 10/16/24  P. v. Beaulac CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

BRYAN DONALD BEAULAC,

     Defendant and Appellant.

E083261

(Super.Ct.No. FVA900117)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

Bryan Donald Beaulac, in pro. per.; and Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Bryan Donald Beaulac appeals the denial of his Penal Code section 1172.75[1] petition. After his counsel filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), Beaulac filed his own supplemental brief. We dismiss.

BACKGROUND

In 2010, Beaulac pled guilty to second degree robbery (§ 211) and kidnapping (§ 207, subd. (a)) and admitted to a firearm enhancement and a prior strike. The court sentenced Beaulac to 27 years, composed of the midterm of 10 years for the kidnapping, the upper term of 10 years for firearm enhancement, two years for the robbery, and five years for the prior strike.

On January 19, 2024, Beaulac filed a "Petition for Resentencing Pursuant [to] All Applicable Sections of Penal Code §1170, §1171, §1172, and Assembly Bill 1540 (2021)." The court denied the petition 10 days later after the parties stipulated that Beaulac was not eligible for resentencing.

ANALYSIS

On Beaulac's request, we appointed counsel to represent him on appeal. Counsel filed a brief declaring they found no arguably meritorious issues to appeal, setting out a statement of the case, and asking us to conduct an independent review of the record.

When appealing from a postconviction order a defendant does not have a constitutional right to independent review under *Anders/Wende*[2] if appellate counsel

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] *Anders v. California* (1967) 380 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

cannot identify any arguable issues.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 227, 231.)  Nevertheless, the court is to inform the defendant that he may personally file a supplemental brief, and "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Id*. at p. 232.)  "If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned."  (*Ibid*.)  "If the appeal is dismissed as abandoned, the Court of Appeal does not need to write an opinion but should notify the defendant when it dismisses the matter."  (*Ibid*.)  Here, after appellate counsel filed a brief notifying us Beaulac's appeal presented no arguable issues, we offered Beaulac an opportunity to file a personal supplemental brief, and he did.

Section 1172.75 invalidates prior prison term enhancements imposed under section 667.5, subdivision (b), before January 1, 2020, and permits courts to resentence defendants serving terms which include such prior prison term enhancements.  Beaulac's supplemental brief argues the trial court erred by denying his petition, citing section 1172.75 for the proposition that he was entitled to a resentencing hearing.  This argument fails for multiple reasons.  First, and perhaps most importantly, "section 1172.75 does not authorize [individuals] to file a petition or a motion to strike the unauthorized enhancements."  (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447 (*Escobedo*).)  "[T]he Legislature provided an express system for the orderly implementation of relief for affected defendants to receive the benefit of the amended law

in a timely manner. Under this express procedure, any review and verification by the [trial] court in advance of resentencing is only triggered by receipt of the necessary information from the [California Department of Corrections and Rehabilitation (CDCR)] Secretary or a county correctional administrator, not by any individual defendant. [Citation.] Thus, section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384 (*Burgess*).) When a defendant appeals the denial of such a motion, the appropriate remedy is to dismiss. (See *id*. at p. 385; see also *Escobedo*, at p. 452.)[3]

Even if Beaulac could bring a petition on his own, he would not be eligible for relief—as he, through his counsel, stipulated in trial court. Beaulac's sentence does not include a prior prison term enhancement, only a firearm enhancement and a prior strike. Thus, section 1172.75 offers Beaulac no relief.

Because Beaulac was not authorized to bring a petition under section 1172.75, and was not eligible for relief even if he could, his reliance on that statute does not aid him on appeal. Beaulac argues only that the court erred by denying him relief under section 1172.75, and because he is not authorized to request that relief or appeal from the denial of such relief, we must dismiss the appeal.

---

[3] Other cases have held that a court may consider an unauthorized motion on its merits if the CDCR has notified the court the defendant is eligible for relief. (See *People v. Cota* (2023) 97 Cal.App.5th 318, 333 [disagreeing "with *Escobedo* to the extent that case suggests that a court lacks jurisdiction to resentence a defendant who has been identified by the [CDCR] as eligible for resentencing pursuant to section 1172.75 simply because that defendant also has filed a motion for such relief"].) Those cases do not apply here, as Beaulac is categorically ineligible for relief.

DISPOSITION

We dismiss the appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL                          
                                                                        J.

We concur:


RAMIREZ                    
                              P. J.

MILLER                    
                              J.